IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| BLONDELL F. MITCHELL, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:22-cv-00511-DGK |
| RAYTOWN WATER, et al., | ) ) ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**

This case arises from pro se Plaintiff Blondell F. Mitchell's hostile work environment and slander allegations against various defendants. Now before the Court is Plaintiff's pro se motion for default judgment. ECF No. 6. Defendants Raytown Water, Raytown Water Board of Directors, and Neal Clevenger's ("Defendants")[1] oppose the motion arguing, in part, service was never perfected. ECF No. 13. For the following reasons, Plaintiff's motion is DENIED.

Federal Rule of Civil Procedure 55 provides a two-step process, which requires the Clerk of Court to enter a default before a plaintiff can move for default judgment. *See also* L.R. 55.1. Plaintiff has not obtained an entry of default from the Clerk of Court pursuant to both the Federal Rules of Civil Procedure and the Local Rules, so her motion for default judgment is DENIED.

Even if the Court construed Plaintiff's motion as one for an entry of default, it would still be denied. Plaintiff has not shown Defendants were properly served with the complaint and summons or that she gave Defendants proper notice of her intention to file this motion. *See* L.R. 55.1(a)(2) (requiring a declaration or affidavit outlining such information); *see also Boles v. United States Dep't of Veterans Affs.*, No. 4:14-0634-CV-DGK, 2014 WL 12589314, at *1 (W.D. Mo.

---

[1] The other named defendants have not entered an appearance, nor has Plaintiff shown they have been properly served.

Dec. 5, 2014) (denying motion for default judgment where pro se plaintiff failed to show he properly served defendant). Plaintiff's motion does not even state when Defendants were allegedly served. Further, the Court notes a summons was never issued in this case (likely because Plaintiff failed to file her complaint with Court after paying the filing fee). This alone is enough to deny the motion. *See Cox v. City of Omaha*, No. 8:23-CV-241, 2023 WL 4596021, at *1 (D. Neb. July 18, 2023) (denying pro se motion for default judgment where no summons was issued or served on defendants); Fed. R. Civ. P. 4(b), (c)(1) (stating "[a] summons . . . must be issued for each defendant to be served" and "[a] summons must be served with a copy of the complaint.").

Accordingly, Plaintiff's motion for default judgment is DENIED. Plaintiff has 30 days from the entry of this Order to file her complaint and summons request with the Court. Failure to do so will result in dismissal for failure to prosecute.

**IT IS SO ORDERED.**

Date:  December 20, 2023           /s/ Greg Kays
                                    GREG KAYS, JUDGE
                                    UNITED STATES DISTRICT COURT