IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BLONDELL F. MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-cv-00511-DGK |
| ) | |
| RAYTOWN WATER, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

On January 4, 2024, Plaintiff filed her pro se complaint against various Defendants. ECF No. 19. As best the Court can tell, Plaintiff brings claims for hostile work environment, slander per se, and violations of the Fair Labor Standards Act ("FLSA").

Now before the Court are three motions to dismiss: Defendants Missouri Public Service Commission, the Missouri Office of Public Counsel, Travis Pringle, and Keith Majors' (collectively, "State Defendants") motion to dismiss (ECF No. 32);[1] Defendants Raytown Water Company and Neal Clevenger's motion to dismiss (ECF No. 40); and Defendant Raytown Water Board of Directors (Individually)'s motion to dismiss (ECF No. 42).

For the following reasons, all three motions to dismiss are GRANTED and Plaintiff's Complaint is DISMISSED in its entirety.

---

[1] Plaintiff filed her suggestions in opposition to this motion to dismiss three days after the deadline, ECF No. 35, and a motion for extension of time to respond, ECF No. 36. The Court grants the motion for an extension of time and considers Plaintiff's suggestions in opposition in ruling on the motion.

Since the Court grants the three motions to dismiss, Plaintiff's remaining pro se motions, ECF Nos. 44–48, 59, 66, 68, 71, 72, are DENIED AS MOOT. The Court notes one of these motions is a motion to amend the complaint, ECF No. 68, to add five individuals in part because they have knowledge of statements possibly relating to "the Iowa and Colorado Lawsuits." ECF No. 68 at 1–2. The Court finds amendment would be futile. *See Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719–20 (8th Cir. 2014) (finding courts may properly deny leave to amend a complaint where proposed amendments would be futile).

**Standard**

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the plaintiff[]." *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[N]aked assertion[s] devoid of further factual enhancement" or "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Id.* (cleaned up) (quotation omitted).

In reviewing a pro se complaint, the court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014). The court generally ignores materials outside the pleadings but may consider materials that are part of the public record or materials that are necessarily embraced by the pleadings without converting a Rule 12(b)(6) motion into a motion for summary judgment. *See Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 (8th Cir. 2012).

**Background**

As best the Court can tell, Plaintiff alleges she was employed by Raytown Water Company ("Raytown Water") as a "controller." In August 2020, Raytown Water held a phone meeting with the Missouri Public Service Commission ("PSC") and Missouri Office of Public Counsel ("OPC") to discuss payrolls and other matters. According to Plaintiff, the following individuals were there, plus fifteen unknown individuals: Neal Clevenger, Chicka Clevenger-Thompson, Leslie Smart,

2

Dave Aldridge, Keith Majors, and Travis Pringle.

Majors and Pringle conducted the meeting and went down a list of employee names to discuss their pay. When Majors got to Plaintiff's name, he allegedly stated "we will only allow her [Plaintiff] to be paid $16.89." Plaintiff responded, "$16.89 for a Controller?" Majors then allegedly began yelling "You're a clerk!!" repeatedly. None of the Raytown Water employees said anything. Plaintiff replied, "I have five college Degrees and graduated from Iowa State University in 2014, as a double major in Accounting and Finance plus 15 years' experience in accounting before I went back to school, and you're telling me that I'm a clerk?" Majors kept yelling "You're a clerk!!" and "You're not a Controller!!". According to Plaintiff, this back and forth went on for quite a while.

Plaintiff eventually left the meeting and took two days off work due to the trauma she endured at the meeting. When Plaintiff returned to work, Neal Clevenger allegedly said "we need someone with a 4 year college degree." This left Plaintiff further traumatized and led her to believe Defendants thought she was lying about her education. Plaintiff alleges she was terminated on August 12, 2020.

In August 2020, Plaintiff sent an email to the PSC and OPC informing them she intended to sue. The email stated: "I Blondell Mitchell is hereby giving notice of intent to sue, and if you think this is an idle threat, then just google my name. It should be noted that I Blondell Mitchell has not ever had Aids/HIV, or the virus associated with the disease and have submitted numerous medical affidavits from three different states over a 18 year period and still has not been able to obtain justice." Compl. at 9. It is unclear how Plaintiff's medical status relates to the earlier payroll meeting or this lawsuit.

Likewise, it is unclear how the remainder of Plaintiff's Complaint relates to this lawsuit.

3

Plaintiff discusses traumas she endured in college and her marriage. Plaintiff also states she had an appointment with the EEOC "earlier this year" wherein they were hostile toward her in order "to protect the States of Missouri from Damages and the recorded phone conversation should be forward [sic] to the FBI as a Crime under the Klu [sic] Klux Klan Act." Compl. at 9. Plaintiff requests forty million dollars in relief.

**Argument**

The Complaint appears to raise hostile work environment, slander, and FLSA claims, albeit it does not specify which claims pertain to which Defendants. Given the Complaint's confusing nature and earlier procedural problems in this case, Defendants raise numerous arguments supporting dismissal of the Complaint. All three motions incorporate a standard 12(b)(6) argument—i.e., the Complaint fails to state any viable claims for relief. Because the Court agrees and grants the motions on this basis, it declines to address Defendants' remaining arguments.

Before delving into the adequacy of Plaintiff's Complaint, however, the Court briefly addresses the immunity and capacity arguments raised by several Defendants. For instance, the State Defendants argue (1) the PSC and OPC are entitled to Eleventh Amendment immunity and sovereign immunity; and (2) Defendants Majors and Pringle are entitled to qualified privilege and official immunity on some or all of Plaintiff's alleged claims. ECF No. 32. These arguments are underdeveloped, as they lack sufficient supporting caselaw or analysis. For instance, in support of their Eleventh Amendment immunity argument, Defendants state the PSC is a Missouri administrative agency charged with the regulation of all public entities and that the OPC is statutorily authorized to represent the public in cases before the PSC. *See* ECF No. 33 at 9. Defendants then conclude "both the PSC and OPC are arms of instrumentalities of the state protected by the Eleventh Amendment," *id.*, without citing caselaw wherein either entity was

4

dismissed on immunity grounds. *See United States v. Guzman-Tlaseca*, 546 F.3d 571, 578 (8th Cir. 2008) (explaining the Court will not conduct legal research for parties). While these arguments may ultimately have merit, the Court cannot grant dismissal on these grounds on the present record.

The outcome is different with respect to Defendant Raytown Water Board of Directors (Individually)'s (hereinafter "BOD") argument that it does not have the capacity to be sued under Federal Rule of Civil Procedure 17(b) and under Missouri law because it is not a separate legal entity from Raytown Water. ECF No. 43 at 2–4. Missouri law dictates BOD's capacity to be sued, *see* Fed. R. Civ. P. 17(b), and suggests BOD is indistinct from Raytown Water, *see Billings Mut. Ins. Co. v. Cameron Mut. Ins. Co.*, 229 S.W.3d 138, 146 (Mo. Ct. App. 2007) ("The board of directors acts as the governing board of a company, and in the sense of the control they exercise over corporate affairs, they are the corporation."). In fact, Plaintiff has brought at least two other lawsuits against a company's "board of directors" in this jurisdiction, and in both cases the Court held "[a] company's 'Board of Directors' is not a legal entity which can be sued." *Mitchell v. Joyner*, No. 14-0997-CV-ODS, 2015 WL 12806578, at *5 n.3 (W.D. Mo. July 28, 2015); *Mitchell v. Sanchez*, No. 14-0996-CV-ODS, 2015 WL 12835690, at *4 n.4 (W.D. Mo. July 28, 2015). Thus, BOD does not have the capacity to be sued here. Even if it did, Plaintiff has still failed to state a claim for relief against this Defendant, and all Defendants, as explained below.

**I.     Plaintiff fails to state a hostile work environment claim against all Defendants.**

Plaintiff does not cite a specific federal statute which gives rise to her hostile work environment claim. Viewing the Complaint in the light most favorable to Plaintiff, the Court infers she brings this claim under Title VII, given her race references. Before filing a Title VII claim, a plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission

5

("EEOC") and receive a right to sue letter. *See Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000). The Complaint does not reference either a charge of discrimination or a notice of right to sue letter. To the contrary, Plaintiff vaguely references filing a complaint with the EEOC, at which time the EEOC allegedly yelled at her and told her she did not have a right to sue anyone. *See, e.g.*, Compl. at 9; Suggestions in Opp'n at 5, ECF No. 52. Plaintiff provides no evidence of her EEOC complaint. At bottom, Plaintiff has not met the jurisdictional prerequisite to bring a Title VII hostile work environment claim, and so her claim fails before it begins. Plaintiff's hostile work environment claim against all Defendants is DISMISSED.

**II.      Plaintiff fails to state a slander claim against all Defendants.**

As a general matter, "[c]laims for slander and defamation are not cognizable under § 1983" and so must be brought pursuant to state law. *Pleus v. Hoeh-Pistorio*, No. 1:23-CV-196-MTS, 2024 WL 3161617, at *5 (E.D. Mo. June 25, 2024) (quotation omitted). In Missouri, the traditional distinction between slander *per se* and *per quod* has been largely abandoned. *See Nazeri v. Missouri Valley Coll.*, 860 S.W.2d 303, 313 (Mo. 1993). Instead, Plaintiff must prove the following unified defemination elements: "1) publication, 2) of a defamatory statement, 3) that identifies the plaintiff, 4) that is false, 5) that is published with the requisite degree of fault, and 6) damages the plaintiff's reputation." *Smith v. Humane Soc'y of United States*, 519 S.W.3d 789, 798 (Mo. 2017); *Fisher v. Wal-Mart Stores, Inc.*, 619 F.3d 811, 820 (8th Cir. 2010) ("In Missouri, whether language is defamatory and actionable is a question of law to be decided by the court, and the court must determine whether a statement claimed to be slanderous is reasonably capable of defamatory meaning.").

Here, the Complaint does not clearly articulate which of Defendants' statements are false and/or defamatory. Based on Plaintiff's briefing, however, it appears she argues statements related

6

to being a "clerk" and requiring a four-year degree amount to slander. *See* ECF No. 35 at 7; ECF No. 51 at 8. These conclusory allegations are insufficient to survive a motion to dismiss, *see Iqbal,* 556 U.S. at 678, and regardless, these statements do not rise to an actionable defamation claim. Accordingly, Plaintiff's slander claim against all Defendants is DISMISSED.

**III.     Plaintiff fails to state a FLSA violation claim against all Defendants.**

The FLSA establishes minimum wage, overtime pay, recordkeeping, and youth employment standards affecting employees in the private sector and in Federal, State, and local governments. *See generally* 29 U.S.C. § 201 et seq. Plaintiff alleges no facts supporting a claim under the FLSA. *See Iqbal,* 556 U.S. at 678. In fact, the Complaint alleges Defendants attempted to pay her a minimum wage of $16.89 per hour, which is well above the federal minimum wage. *See* 29 U.S.C. § 206 (minimum wage). Plaintiff's FLSA claim against all Defendants is DISMISSED.

**Conclusion**

Plaintiff has failed to plausible allege sufficient facts to support her claims. While the Court liberally construes a pro se complaint, it will not allege facts for the Plaintiff. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The motions to dismiss, ECF Nos. 32, 40, 42, are GRANTED, and Plaintiff's Complaint is DISMISSED in its entirety.

**IT IS SO ORDERED.**

Date:  July 23, 2024                                        /s/ Greg Kays
                                                                               GREG KAYS, JUDGE
                                                                               UNITED STATES DISTRICT COURT